Argued and submitted July 20, 2000, affirmed January 31, 2001

Marianne SCHMIDT,
*Respondent,*
*and*

Timothy SWEITZ,
*Appellant.*

(C97 0817 FI; CA A105307)

18 P3d 431

Thomas J. Flaherty argued the cause and filed the brief for appellant.

Kristine D. Burr filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Father appeals from a trial court order establishing paternity and setting his child support obligation. He assigns as error the amount of the trial court's support award and the award of attorney fees and costs to mother. On the child support issue, he argues that the trial court either failed to properly evaluate mother's child care costs or made an upward departure from the presumptive amount of child support due under the child support guidelines without making written findings to justify the departure. We affirm on the child support issue and do not reach the attorney fee issue.

Mother and father were coworkers and had a sexual relationship resulting in the birth of child. Mother filed a petition to establish paternity, custody, visitation and support in 1997. Father denied paternity and initially resisted blood testing. He later submitted to two blood tests and stipulated to paternity in 1998, after testing established that he was child's biological father. Father did not seek visitation or custody of child. At trial, where the only issue was child support, both parties testified. Mother's testimony established that she earns $2,515 per month and that her child care costs, once she completed a pending move to Boise, Idaho, would be $380 per month.[1] She also testified that she paid $52 per month through her employer to provide child with health insurance. Father's testimony and the exhibits in evidence established that he earns $2,492 per month and that he has two other children in his custody for whom he provides support. The trial court's order requires father to pay $438 per month for the support of child, retroactive to the date of the original petition.

■ Father first contends that mother did not prove that her projected child care costs were reasonable. Mother testified that those costs were the lowest that she could find in Boise. Father did not present any evidence to controvert that testimony. As did the trial court, we find no merit in father's contention and do not address it further.

---

[1] Mother testified that her current costs were $225 per month, that they were being raised to $280 per month at the end of the month in which trial was held, and that, after her move to Boise, she would have to pay $380 per month.

■■ Father's second argument is that even if the court properly used mother's projection of child care costs in calculating his support obligation, the court's actual award is higher than the presumptive amount under the guidelines. ORS 25.280[2] requires written findings or a specific finding on the record to justify a departure from the presumptive amount.[3] We have reviewed the evidence using mother's estimate of $380 in child care costs, the trial court's findings as to the parties' respective income and mother's testimony that her insurance costs for child are $52 per month. Using those

---

[2] ORS 25.280 provides:

"In any judicial or administrative proceeding for the establishment or modification of a child support obligation under ORS chapters 107, 108, 109 and 416, and ORS 110.303 to 110.452, 419B.400, 419B.420, 419C.590 or 419C.610, the amount of support determined by the formula established pursuant to ORS 25.270 to 25.287, 107.105, 416.415, 416.435 and 419B.400 or 419C.590 shall be presumed to be the correct amount of the obligation. This shall be a rebuttable presumption and a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption. The following criteria shall be considered in making the finding:

"(1) Evidence of the other available resources of a parent;

"(2) The reasonable necessities of a parent;

"(3) The net income of a parent remaining after withholdings required by law or as a condition of employment;

"(4) A parent's ability to borrow;

"(5) The number and needs of other dependents of a parent;

"(6) The special hardships of a parent including, but not limited to, any medical circumstances of a parent affecting the parent's ability to pay child support;

"(7) The needs of the child;

"(8) The desirability of the custodial parent remaining in the home as a full-time parent and homemaker;

"(9) The tax consequences, if any, to both parents resulting from spousal support awarded and determination of which parent will name the child as a dependent; and

"(10) The financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to husband and wife."

[3] OAR 137-050-0420 contemplates that mother receive a contribution for reasonable child support costs incurred to enable her to work. Her actual cost of $380 per month is to be offset by the federal and state tax credits she can receive for those costs, so the trial court was required as part of its calculation of support to factor in those credits. As we replicate the trial court's calculation, it appears that the trial court properly offset mother's $380 in child care expenses with $50 in tax credits when it used $330 as her child care costs.

figures, the presumptive amount of support required of father under the child support guidelines, OAR 1370-50-0330, is $435.60 or a $2.40 difference from the amount found by the trial court.

After both parties presented their evidence and closing arguments, the trial court explained:

> "Well, my math is a little bit different from counsel's only because I am just taking her hourly rate, multiplying it out by 40 hours a week and time[s] 52 weeks a year and dividing it by 12 to get a monthly income. Her gross comes to $2,515 per month. So if you see a little different number in the final calculations—his is pretty close to the same counsel has been referring to here. I think my math ends up with him instead of $2,460, I have him at $2,492. It is just a few dollars difference.
>
> "The difficulty here is we need to take those figures, then, and plug in the child care, which is a different number than was used in the exhibit that was submitted by respondent and plug in the medical costs, which were testified to here. I have got the software in my chambers on my computer. What I'll do is calculate this again with the figures and then consider the other equitable arguments that have been made here."

We conclude that the trial court did not intend to make any departure from the presumptive child support amount and that the variation of $2.40 is the result of a negligible difference in either the numbers or calculation technique used by the trial court.[4]

■ Father's final contention is that the trial court erred in awarding mother $12,460 in attorney fees and $1,147.93 in costs. He argues that both amounts are excessive and that the pleadings fail to set forth with specificity the nature of each charge. However, father has not filed a notice of appeal

---

[1] Father argues on appeal that even if the trial court used $380 in child care costs, its calculation was off by approximately $20. However, father's calculation ignores the testimony of mother that she pays $52 per month in insurance costs for coverage of child.

from the supplemental judgment awarding those fees and costs, as required by ORAP 2.20.[5] Therefore, that judgment is not properly before us on appeal.

Affirmed.

---

[5] ORAP 2.20(1) provides:

"If the trial court enters a supplemental judgment awarding attorney fees or costs and disbursements under ORCP 68 C(5)(b) after the notice of appeal has been filed, and if the appellant intends to challenge the supplemental judgment on appeal, the appellant, within 30 days of the entry of the supplemental judgment, shall serve and file an amended notice of appeal from the supplemental judgment."